UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE APPLICATION OF ) | |
| ) | MISC NO.: |
| ) | |
| MOTION TO QUASH, ) | |
| ) | |

### DR. HOAU-YAN WANG'S MOTION TO QUASH OR MODIFY SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION PURSUANT TO <u>FEDERAL RULE OF CIVIL PROCEDURE 45</u>

Dr. Hoau-Yan Wang ("Dr. Wang") moves this Court—the court of compliance—to quash a non-party subpoena, attached hereto as Exhibit A, ordering him to testify on October 6, 2025 at a deposition in a civil action that is pending in the Southern District of New York. Dr. Wang is under federal indictment in the District of Maryland for allegations intrinsically related to the allegations in the pending civil action. The trial of that criminal matter begins October 20, with a pretrial conference on October 16. Requiring Dr. Wang to appear to testify at an October 6 deposition in a civil action subjects Dr. Wang to an undue burden on his preparation for his upcoming criminal trial and fails to allow a reasonable time to comply. Moreover, it is a wasteful and unnecessary burden on Dr. Wang and the litigants as Dr. Wang will assert his right against compelled self-incrimination guaranteed by the Fifth Amendment of the United States Constitution if called to testify in a deposition on the matter. For the reasons set forth below, this Court should quash, or alternatively modify, the subpoena ordering Dr. Wang to testify.

### <u>BACKGROUND</u>

Dr. Wang is a neuroscientist who recently retired from a position as a tenured medical professor at the City University of New York ("CUNY"). (*United States v. Hoau-Yan Wang*, No. 8:24-CR-00211-TDC (D. Md.) (Dkt. 1 at ¶ 1) ("hereinafter "*Wang*")).  Dr. Wang was an advisor

and consultant to, and conducted drug research for, Cassava Sciences, Inc. ("Cassava"), a publicly traded biopharmaceutical company, from 2005 to 2023. (*Id*. at ¶ 3).

Cassava is based in Austin, Texas and focused on research and development of an Alzheimer's drug—simufilam. (*Id*. at ¶ 2). From the beginning of the relevant time period until on or about July 17, 2024, Remi Barbier ("Barbier") was Cassava's Chief Executive Officer, and Lindsay Burns ("Dr. Burns") was Cassava's Senior Vice President of Neuroscience. (*Heilbut et al. v. Cassava Sciences, Inc. et al*., No. 1:24-cv-05948 (S.D.N.Y.) (Dkt. 82 at 2) (hereinafter "*Cassava II*")).

Since November 2022, Cassava has been involved in civil litigation related to its research and development of simufilam. Specifically, on or about November 2, 2022, Cassava filed a civil action in the Southern District of New York alleging defamation and conspiracy (hereinafter "defamation suit") against six individuals and one entity, including Drs. Adrian Heilbut, Jesse Brodkin, Enea Milioris, David Bredt, and Geoffrey Pitt, over alleged statements involving Cassava's clinical research. (*Cassava I Scis., Inc. v. Bredt*, No. 1:22-CV-09409 (S.D.N.Y.) (Dkt. 1) (hereinafter "*Cassava I*")). Ultimately, Cassava filed a notice of voluntary dismissal of the defamation suit on or about August 2, 2024. (*Id*. (Dkt. 140)).

Approximately, four days after Cassava dismissed the defamation suit, Drs. Heilbut, Brodkin, and Milioris initiated the instant civil action against Cassava alleging violations of New York's Anti-SLAPP Law (hereinafter "Anti-SLAPP suit"), claiming Cassava's defamation suit was meritless and merely an attempt to harass, intimidate, punish, and maliciously inhibit public participation in scientific and popular discourse. (*Cassava II* (Dkt. 1)). The plaintiffs filed a First Amended Complaint on or about October 24, 2024, adding Barbier and Dr. Burns as defendants and adding allegations of malicious prosecution and conspiracy. (*Id*. (Dkt. 9)). Drs. Bredt and Pitt

moved to intervene on or about December 2, 2024. (*Id.* (Dkt. 30)). The court granted their motion on or about December 12, 2024. (*Id.* (Dkt. 39). Dr. Wang has not been a defendant or plaintiff in either civil action.

On or about June 27, 2024, a federal grand jury for the District of Maryland indicted Dr. Wang on criminal charges accusing Dr. Wang of manipulating research data connected to his work with Cassava. (*Wang* (Dkt. 1)). Dr. Wang's criminal trial is scheduled to begin on October 20, 2025, in the District of Maryland. (*Id.* (Dkt. 80)). Dr. Wang is also required to appear in Maryland to attend a pre-trial conference on October 16, 2025. (*Id.* (Dkt. 92)).

Nevertheless, on or about September 23, 2025, Dr. Wang was served with the instant subpoena to testify at a deposition in the Anti-SLAPP suit. (Ex. A). He is scheduled to appear at a designated location in Philadelphia on October 6, 2025 at 9:00 a.m. for the deposition. (*Id.*).

Acknowledging the burdensome timing of the subpoena, on or about September 26, 2025, defendants Barbier and Dr. Burns in the Anti-SLAPP suit requested a pre-motion conference on a motion for a limited stay of depositions, attached hereto as Exhibit B. This motion would stay all depositions, including Dr. Wang's, until the resolution of Dr. Wang's criminal trial. (Ex. B). The request was made on the basis that (1) there is a significant overlap between the Anti-SLAPP suit and Dr. Wang's criminal trial, (2) the criminal trial is imminent, (3) the stay is limited in time, (4) the timing of the deposition is an unnecessary burden, (5) waiting until the resolution of the criminal trial can narrow issues, and (6) it is in the public's interest to stay the deposition. (*Id.*) The court in the Anti-SLAPP has not yet ruled on the request, necessitating Dr. Wang to file this action before the Court to quash the non-party subpoena.

3

## ARGUMENT AND AUTHORITIES

*This Court is the court of compliance over Dr. Wang's motion to quash.*

Although the instant civil suit is pending in the Southern District of New York, this Court has jurisdiction over Dr. Wang's motion to quash because Dr. Wang resides in Philadelphia. Unless a subpoena is for a party or a party's officer, Federal Rule of Civil Procedure 45 only allows a subpoena to command a person to appear for a deposition within 100 miles of the person's residence, place of employment, or a location of regularly conducted business activity. Fed. R. Civ. P. 45(c)(1)(A). The court for the district where compliance is required for any particular subpoena is known as the "court of compliance." 2 Moore's Manual—Federal Practice and Procedure § 20.04(3)(c). When a motion related to a subpoena is filed in the court of compliance rather than in the issuing court, the court of compliance may transfer the motion to the issuing court (1) upon consent of the person subject to the subpoena, or (2) upon a finding of exceptional circumstances.  ed. R. Civ. P. 45(f). Unless and until either occurs, the court of compliance maintains jurisdiction to quash or modify the subpoena. *Id*.

*Dr. Wang will assert his Fifth Amendment right not to testify*

The Fifth Amendment to the United States Constitution provides that "[n]o person … shall be compelled in any criminal case to be a witness against himself[.]" This right extends to all proceedings, including criminal, civil, administrative, judicial, investigative, and adjudicative. *Kastigar v. United States*, 406 U.S. 441, 444-45 (1972). Upon a real and substantial danger of self-incrimination, trial courts should allow a witness to invoke his or her Fifth Amendment privilege. *Nelson v. Pilkington PLC (In re Flat Glass Antitrust Litig.)*, 385 F.3d 350, 371 (3rd Cir. 2004) (citing *United States v. Apfelbaum,* 445 U.S. 115, 128 (1980)). "[T]he trial judge should order the witness to answer questions only if it is perfectly clear, from a careful consideration of all the

4

circumstances in the case that the answer cannot possibly tend to incriminate the witness." *Id.* (quoting *United States v. Washington*, 318 F.3d 845, 856 (8th Cir.), *cert. denied*, 540 U.S. 899 (2003)).

Here, the danger of self-incrimination that Dr. Wang faces is very real and serious. Dr. Wang is facing a criminal trial only two weeks after the scheduled deposition, on charges intrinsically related to the civil suit. Specifically, the indictment alleges, among other things, that Dr. Wang made materially false and fraudulent statements about his scientific research on simufilam. (*See, e.g., Wang* (Dkt. 1 ¶ 14.c.)). Accordingly, Dr. Wang will invoke his Fifth Amendment right not to testify if required to appear for a deposition in the Anti-SLAPP lawsuit.

Generally, a privileged matter is outside the scope of civil discovery, and a subpoena that requires the disclosure of privileged information must be quashed. Fed. R. Civ. P. 26(b)(1), 45(d)(3)(A)(iii). While the Third Circuit has affirmed that "a witness to a civil proceeding cannot assert a *blanket* Fifth Amendment privilege prior to hearing the questions," a witness can make such an assertion on a question-by-question basis. *Thorpe v. City of Philadelphia*, No. 19-5094, 2021 U.S. Dist. LEXIS 116464, at *8 (E.D. Pa. June 22, 2021) (emphasis added) (citing *Nat'l Life Ins. Co. v. Hartford Acc. & Indem. Co.*, 615 F.2d 595, 596 (3rd Cir. 1980); *United States v. Matthews*, 327 F. Supp. 2d 527, 529 (E.D. Pa. 2004)). Dr. Wang has reasonable and compelling grounds to take the Fifth regarding most, if not all, of the salient questions asked of him at the deposition, making the entire endeavor a fruitless waste of time for all parties involved. Given the unique circumstances of this case—Dr. Wang is the only individual charged criminally, his criminal trial is scheduled to begin only two weeks after he is scheduled to appear pursuant to the subpoena, and he is not a party to the civil suit—this Court should quash the subpoena pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(iii).

*This Court should quash the subpoena because it is unduly burdensome on Dr. Wang.*

A court of compliance must quash or modify a subpoena that imposes an undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iv). When weighing whether a subpoena is unduly burdensome, this Court should consider the "relevance, the need for the information requested, whether the information can be obtained by other means, burdens the subpoena may impose, the status of the recipient as a non-party, and the costs of compliance." *Rardon v. Falcon Safety Prods.*, Nos. 23-1594 & 23-1596, 2023 U.S. App. LEXIS 21865, at *5 (3rd Cir. Aug. 21, 2023). Here, the factors weigh in favor of quashing the subpoena.

Any relevance of Dr. Wang's testimony to the Anti-SLAPP suit is low. The primary allegations in the Anti-SLAPP suit are violations of New York's Anti-SLAPP statute and malicious prosecution.[1] To prove Anti-SLAPP violations, the plaintiffs must prove "that the action involving public petition and participation was commenced or continued without a substantial basis in fact and law and could not be supported by a substantial argument for the extension, modification or reversal of existing law." (*Cassava II* (Dkt. 82 at 14)). The plaintiffs may be entitled to additional damages if they also show that the action was brought and maintained for the nefarious purposes "of harassing, intimidating, punishing or otherwise maliciously inhibiting the free exercise of speech, petition or association rights." (*Id*.) And, punitive damages may be available if the plaintiffs show the aforementioned nefarious purposes were the sole reason to bring or maintain the action. (*Id*.). To prove malicious prosecution, the plaintiffs must prove that with malice and without probable cause, the defendants caused the unsuccessful prosecution of a civil action against the plaintiffs that caused the plaintiffs special injury. (*Id*. at 26).

---

[1] Civil conspiracy is not an independent cause of action in New York. Instead, pleading it provides an avenue to connect the actions of individual defendants with an actionable, underlying tort and demonstrate a common scheme. (*Cassava II* (Dkt. 82 at 33)).

6

In other words, the crux of the allegations involve what Cassava knew or intended when it filed the defamation suit against the plaintiffs. Cassava employees or former employees, likeDr. Burns and Barbier, can provide direct evidence of their knowledge and intentions, as can documentary evidence like emails, text messages, and reports. But, Dr. Wang was never employed by Cassava nor consulted regarding the Anti-SLAPP lawsuit.

Because Dr. Wang will invoke his Fifth Amendment right not to testify regarding any substantive questions which overlap with the matters at issue in his upcoming criminal trial, any relevance is further diminished because he will not provide any substantive information that would advance the plaintiffs' lawsuit. Instead, at most, the plaintiffs will have a non-party's adverse inference to use against the defendants, which is of little value as compared to the testimony of – or adverse inferences from Fifth Amendment invocations connected to – parties like Dr. Burns and Barbier. *See Rad Services, Inc. v. Aetna Casualty & Surety Co*, 808 F.2d 271 (3rd Cir. 1986) (finding a non-party's invocation of his or her Fifth Amendment right may give rise to an adverse inference). At minimum, plaintiffs should be required to pursue the testimony of Dr. Burns and Barbier before turning to Dr. Wang. In light of the contested issues, Dr. Wang's limited and cumulative information, and Dr. Wang's intention to invoke his Fifth Amendment right, the relevance of Dr. Wang's testimony is minimal, if any. Coupled with the extensive documentary evidence produced in discovery, Dr. Burns and Barbier, as parties to the suit, are the proper sources from which to gather evidence. For the same reasons, the plaintiffs' need for the evidence and ability to obtain the evidence by other means also weigh in favor of Dr. Wang.

Moreover, compliance with the instant subpoena poses a significant burden on Dr. Wang, particularly in light of Dr. Wang's imminent criminal trial schedule. Dr. Wang's criminal trial begins on October 20, 2025. He appeared in the District of Maryland for a *Daubert* hearing on

7

September 30, 2025, and will appear for the pre-trial conference on October 16, 2025. Dr. Wang is actively engaged with his defense attorneys and participating in his own defense. Dr. Wang faces substantial loss of liberty if convicted at trial. He is not a party to the Anti-SLAPP suit. He should not be required to divert his attention, energy, and resources, or those of his lawyers, away from his criminal trial to appear for a civil deposition in a suit that has zero effect on him and little utility for the parties.

> *This Court should quash the subpoena because it does not give Dr. Wang sufficient time to comply.*

A court of compliance must quash a subpoena that does not provide for a reasonable time to comply. Fed. R. Civ. P. 45(d)(3)(A)(i). Rule 45 does not define what a "reasonable time" means. (*See id.*). Generally, fourteen days is presumptively reasonable, though seven or eight days generally unreasonable. *See Brown v. Hendler*, No. 09-4486, 2011 U.S. Dist. LEXIS 9476, at *5 (S.D.N.Y. Jan. 31, 2011) (collecting cases).

Here, Dr. Wang received his subpoena approximately thirteen days prior to the date he was ordered to appear, and the unique circumstances deprive him of sufficient time to comply. That is, in light of his impending criminal trial schedule, including pre-trial hearings, his active participation in his defense, and his attorneys' active engagement and preparation in his defense, the circumstances warrant quashing the subpoena for insufficient compliance time.

> *Alternatively, modification could alleviate the undue burden on Dr. Wang.*

Federal Rule of Civil Procedure 45(d) provides for modification as an alternative remedy. If the plaintiffs' need for Dr. Wang's testimony in the Anti-SLAPP suit is substantial (which Dr. Wang contends it is not), modification of the subpoena to a date after Dr. Wang's criminal trial concludes may be an appropriate remedy. Indeed, it would remove or lessen the need to redirect Dr. Wang's critical time, energy, and resources away from preparation in his criminal trial that is

8

required by the instant subpoena. Additionally, depending on the outcome of Dr. Wang's criminal trial, Dr. Wang may be in a position to provide substantive testimony in the deposition after his trial. That is, if Dr. Wang is acquitted of criminal charges, it would be unnecessary for him to invoke his Fifth Amendment privilege against compelled self-incrimination. Accordingly, if this Court does not quash the instant subpoena, it should modify it to a date after Dr. Wang's criminal trial concludes.

## **CONCLUSION**

Dr. Wang respectfully requests that this Court quash or modify the subpoena ordering him to appear for a deposition in a civil matter in which he is not a party. Dr. Wang will invoke his Fifth Amendment right not to testify in the instant action to protect himself against self-incrimination in his imminent criminal trial. Furthermore, the instant subpoena poses an undue burden on Dr. Wang and does not provide sufficient time for compliance.

Dated: October 2, 2025

Respectfully submitted,

*/s/ Jennifer L. Beidel*
Jennifer L. Beidel
DYKEMA GOSSETT PLLC
39577 Woodward Avenue Suite 300
Bloomfield Hills, MI 48304
(248) 203-0700
jbeidel@dykema.com

*Counsel for Dr. Hoau-Yan Wang*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of October, 2025, I electronically filed the foregoing DR. HOAU-YAN WANG'S MOTION TO QUASH OR MODIFY SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45 and EXHIBITS A and B with the Clerk of the Court using the CM/ECF system which will send notification of such filing to those who are currently on the list to receive e-mail notices for this case

*/s/ Jennifer L. Beidel*
Jennifer L. Beidel