# EXHIBIT B

# BakerHostetler

Baker & Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

September 26, 2025

Douglas W. Greene
direct dial: 212.847.7090
dgreene@bakerlaw.com

**VIA ECF AND EMAIL**

Honorable Ona T. Wang
United States District Court for the
Southern District of New York
500 Pearl Street, Courtroom 20D
New York, NY 10007-1312

**Re:** *Request for Pre-Motion Conference on Defendants' Motion for a Limited Stay*
Case No: 1:24-cv-05948-JLR-OTW

Dear Judge Wang:

Pursuant to Your Honor's Individual Practices, Defendants Remi Barbier and Lindsay Burns respectfully request a pre-motion conference to discuss their anticipated motion for a limited stay to allow the depositions of Mr. Barbier, Dr. Burns, and non-party Dr. Hoau-Yan Wang to occur at reasonable and mutually agreeable times after the resolution of the government's trial against Dr. Wang. *See U.S. v. Wang*, No. 8:24-CR-211 (D. Md.). Because the *Wang* trial is scheduled to begin on October 20, 2025 and end on November 4, 2025, Defendants request that the current October 28, 2025 fact discovery deadline be stayed and extended to December 19, 2025, for the sole purpose of allowing these three depositions to occur after the resolution of the *Wang* trial.

On September 25, 2025, counsel for the Parties conferred by teleconference regarding Defendants' anticipated motion. Plaintiffs oppose Defendants' motion.

**I.    Background**

This case concerns Defendant Cassava Science's development of simufilam, an exploratory drug for the treatment of Alzheimer's. Mr. Barbier is Cassava's former CEO, and Dr. Burns is Cassava's former Senior Vice President of Neuroscience. Dr. Wang is a former professor at City University of New York, who discovered and published papers explaining the mechanism of action behind simufilam (along with Dr. Burns), and who played a significant role in the underlying research and trials.

Atlanta   Austin   Chicago   Cincinnati   Cleveland   Columbus   Dallas   Denver   Houston   Los Angeles
New York   Orange County   Orlando   Philadelphia   San Francisco   Seattle   Washington, DC   Wilmington

Hon. Ona T. Wang
September 26, 2025
Page 2

On November 11, 2022, Cassava filed suit against Plaintiffs in this action (and others) for defamation. *Cassava Sciences, Inc. v. Bredt, et al.*, No. 1:22-CV-9409 (S.D.N.Y.). The complaint alleged that Plaintiffs published defamatory statements against Cassava in connection with the development of simufilam. *Id.*, ECF 120, ¶ 7. These statements included that: (1) Cassava and Dr. Wang committed "scientific fraud"; (2) Cassava and Dr. Wang "lied" about having the original Western blots and other data supporting their findings; (3) Cassava and Dr. Wang "faked" or "manipulated" Western blot images and other data; (4) the science behind simufilam was "fabricated"; and (5) Mr. Barbier and Dr. Wang could "go to jail." *E.g., id.* ¶¶ 159, 176, 255, 444, 459. On August 14, 2024, Cassava voluntarily dismissed the action. *Id.*, ECF 142.

On June 28, 2024 Dr. Wang was criminally indicted. *Wang*, ECF 1 ("Indictment"). The Indictment alleged that, between 2015 and 2023, Dr. Wang "caused to be submitted . . . grant proposals to the [National Institute of Health]" for the development of simufilam that included allegedly manipulated or otherwise fabricated data. *Id.* ¶¶ 10, 14. According to the Indictment, Dr. Wang made "materially false, fraudulent, and misleading statements" to the NIH and scientific journals about "his scientific research . . . including the truth and accuracy of the images and information provided as representations of the underlying scientific experiments;" "manipulat[ed] data and images of Western blots"; and "failed to keep original scientific data." *Id.* ¶14.

On August 6, 2024, Plaintiffs filed this action asserting Anti-SLAPP claims against Cassava. On October 24, 2024, Plaintiffs filed an Amended Complaint ("AC"), adding claims for malicious prosecution and conspiracy against Mr. Barbier and Dr. Burns. ECF 9. The AC is largely premised on allegations against Dr. Wang, including the fact of his criminal indictment. For instance, Plaintiffs allege that Cassava, Mr. Barbier, and Dr. Burns acted in "bad faith in commencing and continuing the defamation action," and that this bad faith is corroborated by the allegations in the *Wang* Indictment. *E.g.*, AC ¶¶ 3, 5, 9, 10, 77, 136, 201, 208, 210-11.

On August 22, 2025, the Court extended all discovery deadlines to October 28, 2025, and scheduled a status conference for the same day to discuss "what discovery has been done, what discovery remains, and how [the Parties] plan to complete that discovery in a timely manner, as well as whether a further extension of discovery is required." ECF 156. On September 17, Plaintiffs served notice of a subpoena to Dr. Wang for deposition. Plaintiffs have proposed, but not confirmed, October 6 for Dr. Wang's deposition. On September 22, Plaintiffs noticed Dr. Burns and Mr. Barbier for deposition, and proposed October 16 and 17 as depositions dates.

## II.     Basis of the Motion

District courts have the inherent power to issue a stay when it would serve the interests of justice. *SEC v. Ahmed*, 2025 WL 958732, *3 (S.D.N.Y. Mar. 31, 2025). In determining whether to stay a civil proceeding pending resolution of an ongoing criminal proceeding, courts consider: "1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the criminal case; 3) the private interests of and burden on the defendants; 4) the private interests of the plaintiffs; 5) the interests of the courts; and 6) the public interest." *ICD Cap., LLC v. CodeSmart Holdings, Inc.*, 2015 WL 14023658, *2 (S.D.N.Y. Aug. 21, 2015). Here, each factor weighs in favor of a limited stay to allow for Mr. Barbier's, Dr. Burns's, and Dr. Wang's depositions to take place after the resolution of the *Wang* trial.

Hon. Ona T. Wang
September 26, 2025
Page 3

*Factor 1: Overlap.* There is significant overlap between the issues in this case and the *Wang* action. At its core, the AC claims that Mr. Barbier and Dr. Burns: "knew" that "the foundational scientific claims supporting simufilam"—discovered by Dr. Wang—"were widely contested among the scientific community"; "lacked original records or data"—generated and kept by Dr. Wang—"capable of refuting Plaintiffs' statements that the data presented by Defendants appeared to be fabricated or manipulated"; "knew" that "Dr. Wang's laboratory was 'unacceptable' and failed to retain any original records or data"; and "knew" that "the clinical studies supporting simufilam were tainted by egregious research misconduct"—including, and primarily, by Dr. Wang. AC ¶¶ 3, 10, 40-42, 96, 115-82.

Moreover, Plaintiffs invoke Dr. Wang's Indictment as support for their claims against Mr. Barbier and Dr. Burns, and recently subpoenaed Dr. Wang for deposition. *E.g.*, AC ¶¶ 3, 5, 9, 10, 77, 136, 201, 208, 210-11.

Dr. Wang is thus a "central figure" to this litigation and the criminal proceedings against him "arise from the same facts and involve nearly identical issues," all of which warrants a stay. *SEC v. Blaszczak*, 2018 WL 301091, *2 (S.D.N.Y. Jan. 3, 2018); *see also CodeSmart*, 2015 WL 14023658, *2-3 (granting stay where a "central figure" to the civil case was criminally indicted and there were "several overlapping issues between" the civil and criminal proceedings) (collecting cases); *Weidinger v. Djokic*, 2023 WL 4106274, *4 (S.D.N.Y. June 21, 2023) (similar).

*Factor 2: Status of the Criminal Action.* The imminence of Dr. Wang's criminal trial also weighs in favor of a stay. *E.g.*, *Pullman v. Collins*, 2025 WL 1004731, *4 (S.D.N.Y. Apr. 3, 2025); *CodeSmart*, 2015 WL 14023658, *3.

*Factors 3 & 4: Parties' Interests.* Plaintiffs would not be prejudiced by the requested stay because it is "limited in time by virtue of the [imminent] criminal trial" of Dr. Wang. *Pullman*, 2025 WL 1004731, *4; *see also Gustave v. City of N.Y.*, 2010 WL 3943428, *3 (E.D.N.Y. Oct. 6, 2010). Because it is unlikely that Dr. Wang will appear for deposition before his criminal trial, Plaintiffs could also benefit from the requested stay.

A limited stay would also avoid unnecessary burden on Defendants. 

*Factor 5: Judicial Economy.* A limited stay pending resolution of Dr. Wang's trial promotes judicial economy because it "has the very real potential, given the significant overlap" with this litigation, "to help illuminate the issues here," and could "contribute significantly to the narrowing of issues in dispute." *CodeSmart*, 2015 WL 14023658, *4; *Weidinger*, 2023 WL 4106274, *4. Because Dr. Wang will likely not appear for deposition before his criminal trial, the requested stay would afford Plaintiffs the opportunity to depose Dr. Wang after the criminal trial. Moreover, a limited stay would

Hon. Ona T. Wang
September 26, 2025
Page 4

See *S.E.C. v. Saad*, 229 F.R.D. 90, 91 (S.D.N.Y. 2005) (granting stay of depositions to prevent "havoc with the orderly conduct of" depositions).

***Factor 6: Public Interest***: Granting this limited stay "will not inordinately prolong the civil case and [] the criminal prosecution could provide some benefit to [this action] and advance public interests." *Trs. of Plumbers & Pipefitters Nat. Pension Fund v. Transworld Mech., Inc.*, 886 F.Supp. 1134, 1141 (S.D.N.Y. 1995).

\* \* \*

For these reasons, Mr. Barbier and Dr. Burns request a pre-motion conference regarding their anticipated motion for a limited stay.

Respectfully submitted,

Douglas W. Greene
Partner

cc: All counsel of record via email



Isaac B. Zaur
izaur@cgr-law.com
Direct: 212.633.4314

**VIA ECF AND EMAIL**
**FILED UNDER SEAL**

October 1, 2025

Hon. Ona T. Wang
United States District Court
Southern District of New York
500 Pearl Street, New York, NY 10007

      Re: Request for Pre-Motion Conference on Defendants' Motion for Limited Stay
      *Heilbut, et al., v. Cassava, et al.*, Case No. 1:24-cv-05948-JLR-OTW

Dear Judge Wang:

      Plaintiffs Adrian Heilbut, Enea Milioris, and Jesse Brodkin oppose individual defendants Dr. Lindsay Burns and Remi Barbier's requests for a further extension of the current October 28 fact discovery deadline and a stay of their own depositions and that of Dr. Hoau-Yan Wang until December 19, 2025 (effectively pushing fact discovery into 2026). (Dkt. No. 162.)

      Procedural Context

      Plaintiffs are entitled to move this case to trial. Cassava, the individual defendants, and their non-party allies have already imposed significant delays on discovery, including by seeking a stay while their unsuccessful motion to dismiss was pending and by failing to produce any new documents at all for the first several months of document discovery. Today, discovery is finally almost complete. And now, Dr. Burns and Mr. Barbier once again seek what amounts to months of additional delay ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. They made exactly the same request in August of this year without success. (*See* Dkt. Nos. 153 (August 11 Letter), 154 (August 20 Letter), 156 (Court Order).)

      Indeed, the individual defendants' renewed application comes with a truly ill grace in light of their conduct in recent months. To put it plainly, their posture seems to be that, by stalling their own depositions up until nearly the end of discovery and the eve of Dr. Wang's criminal trial, they should be rewarded with further delay until six weeks after that trial is over. This conduct should not be rewarded.

      Plaintiffs have been seeking practical deposition dates from the individual defendants for months.[1] Throughout that period, the individual defendants' counsel indicated dates would be forthcoming. Months ago, they even proposed to make their clients available between August 25

---

[1] Specifically, we requested deposition dates in writing on August 1, 8, 13, 18, and 20 and September 2, 5, 15, and 22.

41 Madison Avenue, New York, NY 10010    Main: 212.633.4310    cgr-law.com

Hon. Ona T. Wang
October 1, 2025
Page 2 of 4

and 29—dates which we had informed their prior counsel were impossible for us. On August 20, counsel informed us they were "continuing to discuss deposition availability[] with our clients." Following the Court's August 22 Order extending discovery to October 28, we again requested deposition dates in emails dated September 2, 5, 15, and 22. The first three requests went unanswered. Finally, on September 22, counsel finally responded "[w]ith regard to the deposition dates, we are of the position that any deposition of Remi and Lindsay should occur after Dr. Wang's trial" and stated they "intend to move to stay discovery as to their depositions shortly."[2]

While the present request comes from the individual defendants, there is little subtlety to the coordination by all defendants to engineer further delay. For example, on September 26, Cassava for the first time sought mental examinations of all three plaintiffs. Plaintiffs' demand for emotional damages is set forth clearly in the Amended Complaint filed October 24, 2024. The only explanation for serving these demands 30 days before the (already twice-extended) close of fact discovery is to engineer a situation where they cannot be completed and discovery "must" be extended. The same goes for Cassava's September 26 service of a deposition notice for Dr. Brodkin's wife, Dr. Lisa Brodkin.



Legal Argument

A "stay of a civil case to permit conclusion of a related criminal prosecution has been characterized as an extraordinary remedy." *Bernard v. Lombardo*, 2017 WL 2984022, at *2 (S.D.N.Y. June 9, 2017). The most typical fact pattern for a stay pending criminal proceedings emerges where a civil party is indicted on related criminal charges. Otherwise, courts in the Southern District "have generally agreed that a stay is not appropriate absent an indictment or special circumstances." *Id.* at *3 ("In fact, a 'pre-indictment motion to stay can be denied on this

---

[2] In a pre-motion meet-and-confer on September 25, counsel again altered course and indicated they could make Dr. Burns and Barbier available for depositions on the final two days of fact discovery (Oct. 24 and 27) if their motion is denied.

Hon. Ona T. Wang
October 1, 2025
Page 3 of 4

ground alone.'") In assessing the appropriateness of a stay, courts will consider the overlap between the civil and criminal proceedings, the criminal proceeding's status, and the respective interests of (and risk of prejudice to) the parties. *See Citibank, N.A. v. Super Sayin' Pub., LLC*, 86 F. Supp. 3d 244, 246 (S.D.N.Y. 2015).

Overlap: While there are substantial factual overlaps between this action and Dr. Wang's criminal prosecution, 1) the defendants are different people; and 2) the theory and nature of potential liability are different. The United States alleges Dr. Wang defrauded the National Institutes of Health (NIH) by engaging in falsification on grant applications related to simufilam. Dr. Wang is not a defendant in this case, and plaintiffs' claims do not rise or fall on the outcome in his criminal proceeding.[3] Rather, the factual nucleus of this action is the baseless nature and bad faith of Cassava's litigation against plaintiffs and others.

Defendants' citations prove the point. In *SEC v. Ahmed*, 2025 WL 958732, at *3 (S.D.N.Y. Mar. 31, 2025), the court granted an unopposed DOJ motion for a stay in an SEC civil proceeding, where the civil defendant was charged with a criminal count for similar misconduct. And *ICD Cap., LLC v. CodeSmart Holdings, Inc.*, 2015 WL 14023658, at *2 (S.D.N.Y. Aug. 21, 2015) granted a stay where plaintiff had already agreed to stay proceedings against one (already-indicted) defendant in the same case and the remaining individual defendant stated she was under active investigation and anticipated being indicted as well.[4]

Status of the Criminal Action: As discussed above, defendants' arguments regarding the imminence of Dr. Wang's trial do not support granting a stay as any "imminence" has been engineered by defendants' gross delay tactics.

Interests of the Parties (Plaintiffs): Plaintiffs have already experienced substantial expense and delay in prosecuting this action—not to mention defending the underlying defamation action. They are entitled to move this case forward to trial and judgment and would clearly be prejudiced by further delay. This prejudice is especially pronounced given the obvious questions surrounding Cassava's viability as a going concern and uncertainty regarding its financial future. *Bernard*, 2017 WL 2984022, at *3 (risks "particularly great" where "further delay...will increase the risks that [plaintiffs] could succeed in the litigation, without being able to collect on any judgment").

Interests of the Parties (Defendants): 

---

[3] *Weidinger v. Djokic*, involving parallel civil and criminal charges for harassment against the same defendant, is distinguishable. 2023 WL 4106274, at *1 (S.D.N.Y. June 21, 2023).
[4] Defendants' comparison to *CodeSmart* is misleading, as the "central figure" who was criminally indicted was also the civil movant's co-defendant. 2015 WL 14023658 at *4.

Hon. Ona T. Wang
October 1, 2025
Page 4 of 4



      For these reasons, plaintiffs request this Court deny defendants' request. We thank the Court for its attention to this matter and are available at the Court's convenience.

Respectfully submitted,

*/s/ Isaac B. Zaur*

Isaac B. Zaur

cc:    All parties/counsel of record (via ECF)